UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW JAY BOYLE, JR.,

    Petitioner,

v.

MARY BURGESS,

    Respondent.

_____/

Case No. 1:11-cv-899

HON. JANET T. NEFF

## **OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's three objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

First, Petitioner argues that the Magistrate Judge erred in concluding that there was sufficient evidence to convict him of two counts of assault with the intent to commit criminal sexual conduct involving penetration. Specifically, Petitioner argues that the facts in his case did not "result in any kind of battery" where he (1) "never admitted to having sexual urges, or that he was going to

sexually assault either individual;" and (2) "did nothing during these incidents in an aggressive or threatening manner" (Pet'r Obj., Dkt 30 at 1-2)

Petitioner's argument lacks merit. Under Michigan law, an assault can occur in one of two ways: either (1) an attempt to commit a battery ("attempted-battery assault"); or (2) an unlawful act that places another in reasonable apprehension of receiving an immediate battery ("apprehension-type assault") (R&R, Dkt 29 at 13, quoting *People v. Nickens*, 685 N.W.2d 657, 661 (Mich. 2004)). A battery, in turn, is defined under Michigan law as "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Nickens*, 685 N.W.2d at 661 (quoting *People v. Reeves*, 580 N.W.2d 433, 435 n.4 (Mich. 1998)). Therefore, "a battery is the successful accomplishment of an attempted-battery assault." *Id.*

Petitioner's argument, the success of which is dependent on accepting his view of the evidence at trial, is contrary to the standard for reviewing sufficiency-of-the-evidence claims. As the Magistrate Judge set forth, the standard instructs that evidence must be viewed in the light most favorable to the prosecution, with the benefit of all reasonable inferences accorded to the prosecution (R&R, Dkt 29 at 12, citing *Jackson v. Virginia*, 443 U.S. 307, 319-26 (1979)). The Magistrate Judge properly concluded that Petitioner's sufficiency-of-the-evidence claim raises no issue on which habeas relief may be granted.

Second, Petitioner argues that the Magistrate Judge erred in concluding that he was not denied a fair trial by the trial court's decision to permit testimony from "a third woman" about Petitioner's conversation with her. According to Petitioner, "[t]here was no logical link to connect this incident with the other incidents that arose in Petitioner's case," and the testimony from the third woman had "an injurious effect on the verdict" (Pet'r Obj., Dkt 30 at 3).

Petitioner's argument lacks merit. Petitioner's argument demonstrates only disagreement with, not any error in, the conclusion that evidence of his encounter with the third woman was relevant under Michigan Rule of Evidence 404(b) to establishing a pattern of behavior over consecutive days in which Petitioner approached apparently isolated females. Moreover, as the Magistrate Judge pointed out, Petitioner's argument fails to demonstrate how the challenged testimony, even if improperly included, violated his right to a fair trial where the evidence linking Petitioner to the crimes included not only the challenged testimony but also testimony by Julie Gatchell, Kaitlyn Hughes, Scott Reynolds and Aaron Martin (R&R, Dkt 29 at 16, relying on *Collier v. Lafler*, 419 F. App'x 555, 559 (6th Cir. 2011) (holding that where the challenged evidence was only "peripheral" to the case against the defendant and there existed other evidence of his guilt, the defendant's trial was not rendered fundamentally unfair even if the challenged evidence was improperly included)). The Magistrate Judge therefore properly concluded that Petitioner's evidentiary claim also raises no issue on which habeas relief may be granted.

Last, Petitioner argues that the Magistrate Judge erred in concluding that his sentencing issues should be denied. However, Petitioner fails to identify any error in the Magistrate Judge's analysis of his sentencing issues, indicating only that he "relies on the arguments presented in the Memorandum of Law in Support of the Writ of Habeas Corpus" (Pet'r Obj., Dkt 30 at 3). While a pro se litigant's objection should be liberally construed by the Court, *see Boswell v. Mayer*, 169 F. 3d 384, 387 (6th Cir. 1999), Petitioner, in merely relying on his prior arguments, wholly fails to identify the portions of the Report and Recommendation to which his objection is made and the basis for such objection. *See* W.D. Mich. LCivR 72.3(b). Petitioner's "objection" cannot properly serve as a basis for rejecting the Report and Recommendation. *See Drew v. Tessmer*, 36 F. App'x 561,

3

561 (6th Cir. 2002) (explaining that "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object"). In any event, the Court, having reviewed the Magistrate Judge's analyses of both grounds to Petitioner's sentencing claim, concurs with the Magistrate Judge's conclusion that the sentencing claim raises no issue on which habeas relief may be granted.

Having determined that Petitioner's three objections are properly denied, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's sufficiency-of-the-evidence, evidentiary and sentencing claims debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 30) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 29) is APPROVED and ADOPTED as the Opinion of the Court, and the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: September  10 , 2014                 /s/ Janet T. Neff
                                            JANET T. NEFF
                                            United States District Judge